UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 6:24-cv-

FOOD PRODUCTS CONTAINING
DELTA-8 THC IDENTIFIED
IN PARAGRAPH ONE OF
THE VERIFIED COMPLAINT,

    Defendants.

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

In accordance with Rule G(2) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, Plaintiff, the United States, brings this complaint and alleges upon information and belief as follows:

NATURE OF THE ACTION

1. This is a civil forfeiture action *in rem* brought by the United States of America pursuant to 21 U.S.C. § 334 to seize and condemn the following food products, which are located on the premises of Top Private Label Company, because they violate of the Federal Food, Drug, and Cosmetic Act ("Act"), 21 U.S.C. § 301 *et seq.*:

    a. 1,127 cardboard boxes holding 1,126,945 pieces, more or less, of bulk gummy candy product containing delta-8 tetrahydrocannabinol ("delta-8 THC") in 25 milligram ("mg"),

      50 mg, 75 mg, 80 mg, 100 mg, 150 mg, 200 mg, and 250 mg configurations;

  b. 606 cardboard boxes holding 603,590 pieces, more or less, of bulk gummy candy product containing delta-8 THC in combination with other cannabinoid ingredients and/or psilocybin (mushroom extract) in blended 10 mg, 15 mg, 20 mg, 25 mg, 50 mg, 150 mg, and 252 mg configurations;

  c. 44,186 individual bags, more or less, of finished flavored gummy candy product containing delta-8 THC in 25 mg configurations;

  d. 20,536 individual bags, more or less, of finished flavored gummy candy product containing delta-8 THC in 50 mg configurations;

  e. 2,925 packaged retail containers, more or less, of finished articles of food containing delta-8 THC (including, but not limited to, flavored and unflavored gummy candy product and chocolates), labeled in part: "Diamond CBD", "Sour High," "Fresh," "10X," "Chill Plus," "Delta Bears," "Shrooms," "Bites," or "Alibi"; and

  f. All other quantities of articles of food, in all dosages and in any size or type of container (including, but not limited to, plastic, paper, or foil materials, or cardboard containers), whether labeled or unlabeled, that appear to contain delta-8 THC

(the Defendant Food Products).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355 and 21 U.S.C. § 334.

3. The Defendant Food Products are articles of food, within the meaning of 21 U.S.C. § 321(f), that contain a food additive within the meaning of 21 U.S.C. § 321(s). They are located on the premises of Top Private Label, located at 2252

Mason Avenue, Daytona Beach, Florida 32117 (the "facility").

4. This Court has *in rem* jurisdiction over the Defendant Food Products, and venue is proper pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 334(a)(1) because the Defendant Food Products are located in the Middle District of Florida, Orlando Division.

5. The Defendant Food Products consist, in whole or in part, of components that were shipped in interstate commerce from outside the state of Florida.

6. Upon the filing of this Complaint, the United States requests that this Court issue an arrest warrant *in rem* pursuant to the Federal Rules of Civil Procedure Supplemental Rule G(3)(b), which the United States will execute upon the Defendant Food Products pursuant thereto.

## FACTS

7. Top Private Label holds, packages, labels, and distributes ready-to-eat bulk and finished cannabinoid food products at or from the facility including, among other things, colorful flavored and unflavored gummies and chocolates containing delta-8 THC. The products are manufactured by contract manufacturers off-site.

8. Top Private Label provides fulfillment services for retailers who sell cannabinoid products on their respective websites, including CBD, LLC d/b/a Diamond CBD (www.diamondcbd.com and www.chillclouds. com), and Mall Distribution Company (www.cbdmall.com) (collectively, "retailer websites"). Top

Private Label receives orders made on the retailer websites through a software program, fulfills orders received, and ships orders from its facility throughout the United States via UPS and USPS.

9. Between July 19, 2023, and December 20, 2023, investigators from the United States Food and Drug Administration ("FDA") inspected the facility. FDA investigators also reviewed the retailer websites that sell products fulfilled by Top Private Label.

10. During the inspection, FDA investigators observed large quantities of food containing delta-8 THC, including cardboard boxes of ready-to-eat bulk candy products, individually-packaged finished candy products, and retail containers of finished candy products labeled under the "Diamond CBD", "Sour High", "Fresh", "10X", "Chill Plus", "Delta Bears", "Shrooms", "Bites", and "Alibi" brands. These products were labeled as containing delta-8 THC, were marketed as containing delta-8 THC on the retailers' websites, and/or were included on Top Private Label's inventory of products containing delta-8 THC.

11. FDA investigators observed food products, including the Defendant Food Products, in a variety of forms (*e.g.*, colorful shaped gelatinous candy, chocolate bars), packaging (*e.g.*, plastic, paper, foil, cardboard), configurations (meaning different dosages of delta-8 THC), and combinations (with and without other cannabinoid ingredients).

12. The Defendant Food Products consist, in whole or in part, of components that were shipped in interstate commerce from outside the state of Florida.

13. During the inspection, FDA investigators collected physical samples of gummy and chocolate candy in retail containers labeled as containing delta-8 THC. FDA also collected physical samples of drinkable liquid in retail containers labeled as containing delta-8 THC as part of an undercover purchase from a retailer website. These samples were tested for the presence of delta-8 THC at FDA's Forensic Chemistry Center. The analytical results confirmed the presence of delta-8 THC in these samples.

14. Cannabinoids encompass over 80 different compounds derived from the *Cannabis sativa* plant, including delta-8 tetrahydrocannabinol, known as "delta 8 THC."

15. Serious safety concerns exist regarding the dangers of products containing delta-8 THC, including its psychoactive and intoxicating effects; the lack of adequate data and information on the safety of its consumption in food; the broad variation in product formulations and delta-8 THC concentrations that can result in adults unintentionally ingesting delta-8 THC or take a higher doses than expected with adverse health consequences; unclear product labeling; frequent combination with other cannabinoid ingredients; marketing that puts the public health at risk, such as marketing in forms that appeal to children (gummies, chocolates, candies,

etc.) who are more vulnerable than adults to the effects of THC, and selling online without enforced age restrictions; and the use of potentially harmful household chemicals to synthesize the concentrations of delta-8 THC claimed in the marketplace. *See 5 Things to Know about Delta-8 Tetrahydrocannabinol–Delta-8 THC*, at: https://www.fda.gov/consumers/consumer-updates/5-things-know-about-delta-8-tetrahydrocannabinol-delta-8-thc (last visited May 9, 2024).

16. Between December 1, 2020 and February 28, 2022, FDA received 104 adverse event reports concerning children and adults who consumed delta-8 THC products. *Id*. Of those adverse event reports, more than half required intervention (*e.g.*, evaluation by emergency medical services) or hospital admission, and approximately two-thirds resulted after ingestion of delta-8 THC-containing food products such as candy or brownies. Adverse events included, but were not limited to, hallucinations, vomiting, tremor, anxiety, dizziness, confusion, and loss of consciousness. *Id*.

17. Between January 1, 2021 and February 28, 2022, national poison control centers received 2,362 cases of exposure to delta-8 THC products, of which 40% involved unintentional exposure to delta-8 THC and 82% of these unintentional exposures affected pediatric patients. *Id.* Of the exposure cases, 70% required evaluation at a health care facility and of those patients, 45% were pediatric patients. One pediatric case was recorded with a medical outcome of "death." *Id.*

## BASIS FOR FORFEITURE

18. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

19. The Defendant Food Products are adulterated under 21 U.S.C. § 342(a)(2)(C)(i) because they bear or contain an unsafe food additive (*i.e.*, delta-8 THC).

20. The Defendant Food Products are food, within the meaning of 21 U.S.C. § 321(f), to which delta-8 THC has been added. Under 21 U.S.C. § 321(s), a "food additive," subject to certain exceptions not applicable here, is any substance the intended use of which results in it becoming a component of any food, if the substance is not generally recognized as safe among qualified experts under the conditions of its intended use. Delta-8 THC, a component of the Defendant Food Products, is not generally recognized as safe in food. Accordingly, the delta-8 THC in the Defendant Food Products is a food additive.

21. Under 21 U.S.C. § 348(a), a food additive is deemed unsafe *unless* it is approved by FDA for its intended use in food prior to marketing or is otherwise exempted by regulation from the requirements of this section for investigational use by qualified experts. There is no food additive regulation that authorizes the use of delta-8 THC in food or applicable exemption and, accordingly, the delta-8 THC in the Defendant Food Products is an "unsafe" food additive.

22. The Defendant Food Products are foods that contain unsafe food additives, within the meaning of the Act, 21 U.S.C. §§ 321(f), 321(s), and 348(a), and are therefore adulterated within the meaning of 21 U.S.C. § 342(a)(2)(C)(i). As such, the Defendant Food Products are products which may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 331(a).

23. Based on the foregoing, the Defendant Food Products are held illegally within the jurisdiction of this Court and are liable to seizure, forfeiture, and condemnation pursuant to 21 U.S.C. § 334.

## CLAIM FOR RELIEF

WHEREFORE, the United States requests that a warrant of arrest for the Defendant Food Products be issued; that notice be given to all persons having any interest in the Defendant Food Products to appear herein and show cause why the seizure and condemnation should not be decreed; that judgment be entered declaring that the Defendant Food Products be condemned and disposed of

according to law; and that the United States be granted such other and further relief as this Court deems just and proper, together with costs and disbursements of this action.

Dated: June 17, 2024

                                        Respectfully Submitted,

                                        ROGER B. HANDBERG
                                        United States Attorney

By:   _____
          JENNIFER M. HARRINGTON
          Assistant United States Attorney
          Florida Bar No. 0117748
          400 W. Washington Street, Suite 3100
          Orlando, Florida 32801
          Telephone: (407) 648-7500
          Facsimile: (407) 648-7643
          EMail:Jennifer.Harrington2@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Beira Montalvo, verify and declare under penalty of perjury that:

I am a Compliance Officer, Office of Human and Animal Food Operations, East Division IV, Office of Regulatory Affairs, U.S. Food and Drug Administration (FDA), U.S. Department of Health and Human Services. I have read the foregoing Verified Complaint for Forfeiture *In Rem* and the allegations it contains are true and correct to the best of my knowledge, information, and belief. The sources of my knowledge and information and the grounds of my belief are the official files and records of the FDA maintained in the ordinary course of business as well as my investigation of this case as a Compliance Officer.

Executed this 17 day of June, 2024.

_____
Beira Montalvo
Compliance Officer
Office of Human and Animal Food Operations
East Division IV
Office of Regulatory Affairs
Food and Drug Administration
U.S. Department of Health and Human Services