**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**FOOD PRODUCTS CONTAINING**
**DELTA-8 THC IDENTIFIED**
**IN PARAGRAPH ONE OF**
**THE VERIFIED COMPLAINT,**

    **Defendants.**

Case No. 6:24-cv-1111-PGB-DCI

**UNITED STATES' AMENDED MOTION**
**FOR WARRANT OF ARREST *IN REM***

The United States of America, pursuant to Rule G(3)(b)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), hereby moves for the issuance of a Warrant of Arrest *in Rem* for the Defendant Food Products, specifically:

    a.    1,127 cardboard boxes holding 1,126,945 pieces, more or less, of bulk gummy candy product containing delta-8 tetrahydrocannabinol ("delta-8 THC") in 25 milligram ("mg"), 50 mg, 75 mg, 80 mg, 100 mg, 150 mg, 200 mg, and 250 mg configurations;

    b.    606 cardboard boxes holding 603,590 pieces, more or less, of bulk gummy candy product containing delta-8 THC in combination with other cannabinoid ingredients and/or psilocybin (mushroom extract) in blended 10 mg, 15 mg, 20 mg, 25 mg, 50 mg, 150 mg, and 252 mg configurations;

  c. 44,186 individual bags, more or less, of finished flavored gummy candy product containing delta-8 THC in 25 mg configurations;

  d. 20,536 individual bags, more or less, of finished flavored gummy candy product containing delta-8 THC in 50 mg configurations;

  e. 2,170 packaged retail containers, more or less, of finished articles of food containing delta-8 THC (including, but not limited to, flavored and unflavored gummy candy product and chocolates), labeled in part: "Diamond CBD", "Sour High," "Fresh," "10X," "Chill Plus," "Delta Bears," "Shrooms," "Bites," or "Alibi"; and

  f. All other quantities of articles of food, in all dosages and in any size or type of container (including, but not limited to, plastic, paper, or foil materials, or cardboard containers), whether labeled or unlabeled, that appear to contain delta-8 THC.

In support of its motion, the United States submits the following memorandum of law:

## MEMORANDUM OF LAW

1. The United States has filed an amended verified complaint i*n rem* seeking the forfeiture of the Defendant Food Products. The complaint establishes the legal and factual basis supporting the forfeiture of the Defendant Food Products.

2. The Defendant Food Products are located at the premises known as 2252 Mason Avenue, Daytona Beach, Florida 32117.

3. Rule G of the Supplemental Rules governs a forfeiture action in rem arising from a federal statute. Pursuant to Rule G(2), a complaint must be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; describe the property with reasonable particularity; if the property is tangible, state its location when any seizure occurred and – if different

– its location when the action is filed; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meets its burden of proof at trial.

4. Rule G(3)(b)(ii) provides that where, as here, the property is not in the government's possession, custody, or control and is not subject to a judicial restraining order, "the court – on finding probable cause – must issue a warrant to arrest the property…." Further, Rule E(4)(b) of the Supplemental Rules provides that if the character or situation of the property is such that the taking of actual possession is impracticable, the marshal or other person executing the process shall affix a copy thereof to the property in a conspicuous place and leave a copy of the complaint and process with the person having possession or the person's agent.

5. The United States respectfully submits that the allegations of the Amended Verified Complaint establish probable cause that the Defendant Food Products are food products that are adulterated[1] within the meaning of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 342(a)(2)(C)(i), that may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 331(a), and therefore, are subject to seizure, condemnation, and forfeiture to the United States under 21 U.S.C. § 334. Further, because the volume of Defendant Food Products makes taking physical possession impracticable, the

---

[1] Because they contain an unsafe food additive, within the meaning of 21 U.S.C. § 321(s), 348(a).

United States requests the explicit authority to execute the warrant in accordance with Rule E(4)(b).

WHEREFORE, the United States respectfully requests that the Court issue a Warrant of Arrest *In Rem* of the Defendant Food Products.

Dated: June 30, 2024                    Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By: _____
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
EMail:Jennifer.Harrington2@usdoj.gov